IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
CIVIL DIVISION
First

TENA BROOKS                                                           PLAINTIFF

VS.                              NO. 73CV-15-592

RYANN HERMAN; C.R. ENGLAND,                                           DEFENDANTS
INC.; C.R. ENGLAND d/b/a
ENGLAND CARRIER SERVICES,
ECS, PREMIER TRUCK DRIVING
SCHOOL; C.R. ENGLAND AND
SONS, INC.; C.R. ENGLAND d/b/a
PREMIER TRUCK DRIVING
SCHOOL; JOHN DOES Nos. 1 and 2;
JOHN DOE ENTITIES Nos. 1 and 2



## COMPLAINT

COMES NOW the Plaintiff, Tena Brooks, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Tena Brooks was at all times relevant a citizen and resident of Searcy, White County, Arkansas.

2. Defendant Ryann Herman was at all times relevant a resident of Suttons Bay, Leelanau County, Michigan. Her addresses are P.O. Box 135 and 2000, S.C. Hwy, Suttons Bay, Michigan, 49682-0135.

3. Defendant C.R. England, Inc. in Arkansas is a Foreign For Profit Corporation who was doing business in Arkansas. Its registered agent for service is Leon Prickett Jr., located at 3221 E. Broadway, North Little Rock, Arkansas 72114.

4. Defendant C.R. England, Inc. d/b/a England Carrier Services, ECS, Premier Truck Driving School, and C.R. England and Sons, Inc. is a domestic corporation incorporated in Utah with its principal place of business at 4701 W 2100 S, Salt Lake City, Utah, 84120. In Utah, C.R. England, Inc.'s Registered Agent for service is C T Corporation System located at 1108 E South Union Ave, Midvale, Utah, 84047.

5. Defendant C.R. England, Inc. in Indiana is a Foreign For-Profit Corporation who is

doing business in Indiana. Its registered agent for service is CT Corporation System located at 150 West Market Street, Suite 800, Indianapolis, Indiana, 46204. It also does business as C.R. England, Inc., d/b/a Premier Truck Driving School.

6. The residencies of Defendants John Does Numbers 1 and 2 remain unknown.

7. The residencies of Defendants John Doe Entities Numbers 1 and 2 remain unknown.

8. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. §16-56-125 and it is attached hereto.

9. The incident giving rise to Plaintiff's Complaint occurred in Beebe, White County, Arkansas.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

11. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

12. This is a negligence case which arises from a motor vehicle collision that occurred on December 18, 2012, on U.S. Highway 67 in White County, Arkansas.

## IV. FACTS

13. On or about December 18, 2012, at approximately 4:41a.m., Ms. Brooks was traveling South, in a 2006 Buick van.

14. Moments before Ms. Brooks reached the scene of the incident, Defendant Herman was traveling South, in a 2013 Freightliner diesel tractor truck owned by the C.R. England, Inc. Defendants.

15. Defendant Herman fell asleep at the wheel and lost control of her vehicle which then

2

traveled off the right shoulder of the roadway which caused Ms. Herman to over-correct the truck.

16. After Defendant Herman over-corrected the steering, the truck overturned and slid on its right side until it came to a final rest facing east.

17. Defendant Herman's truck came to rest blocking both southbound lanes facing east and west.

18. The truck was transporting a load of cooking oil which spilled along the roadway and median after the trailer broke apart during the wreck.

19. Defendant Herman stated that she fell asleep which caused her to lose control of her vehicle.

20. While Defendant Herman's vehicle was laying across the southbound lanes, Plaintiff attempted to avoid a collision with the vehicle but struck the undercarriage part of the truck that was facing east in the median on its side.

21. As a result of the collision, Ms. Brooks sustained personal injuries and damages.

## V. CAUSE OF ACTION NO. ONE - NEGLIGENCE OF RYANN HERMAN

22. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

23. Defendant Herman was negligent in the following particulars:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f) Failing to keep her vehicle under control, in violation of the common law of

3

Arkansas;

(g) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(h) Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. TWO - RESPONDEAT SUPERIOR LIABILITY

24. All C.R. England, Inc. Defendants, John Does Nos. 1 and 2, and John Doe Entities Nos. 1 and 2 are responsible and vicariously liable for the negligence of their employee/agent (Ryann Herman) under the legal doctrines of joint enterprise, *respondeat superior liability*, and/or the principles of agency as adopted in the State of Arkansas.

25. The negligence of Defendant Ryann Herman is imputed to the C.R. England, Inc. Defendants as a matter of law, and/or one or more of the John Does and/or John Doe Entities.

## VII. PROXIMATE CAUSATION

26. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

27. The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VIII. INJURIES AND COMPENSATORY DAMAGES

28. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

29. Ms. Brooks sustained personal injuries and damages as a result of the collision.

30. Ms. Brooks is entitled to the following damages:

(a) the nature, extent, duration, and permanency of her injuries;

(b) the full extent of the injuries she sustained;

(c) the expense of her medical care, treatment and services received; including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

4

  (e)  the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

  (f)  the visible results of her injuries; and,

  (g)  any property damages she sustained.

31. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## IX. PUNITIVE DAMAGES

32. Defendant Herman knew or ought to have known, in the light of the surrounding circumstances, that driving while she was tired enough to fall asleep would naturally and probably result in damage or injury to others and that she continued such conduct in reckless disregard of the consequences from which malice may be inferred.

## X. DEMAND FOR JURY TRIAL

33. Ms. Brooks hereby demands a trial by jury.

## XI. DEMAND & PRAYER

34. The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

35. The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: _____
Rob Beard (Ark. Bar No. 2002109)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone: (501) 868-2500
Telefax: (501) 868-2508

5